## Amos W. Walker v. Michael Montgomery.

1. VERDICT—*Where it Will Not Be Disturbed.*—Where the evidence of either side, standing alone in the record, would support a finding in favor of the party to whom it might be given, it is not the rule to disturb the finding or verdict because it is unsupported by the evidence, in the absence of adverse and prejudicial rulings in other respects.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

ANTHONY THORNTON, attorney for appellant.

HAMLIN & KELLEY and E. A. RICHARDSON, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant, who was plaintiff below, brought suit in assumpsit against appellee on a note for $98.53, dated August 6, 1892, and bearing seven per cent interest from date. To the declaration appellee pleaded the general issue and a plea of set-off, to the effect that appellant was indebted to appellee to the amount of $418.72, evidenced by a note, dated July 22, 1883, due one day after date, and bearing interest from date at eight per cent, and that appellant on the first day of August, 1892, made a new promise to pay said note. Appellant filed replications to said plea of set-off: First, a denial of any indebtedness; second, payment of said note by appellant; third, payment of the same by Joseph Walker; fourth, the statute of limitations; and fifth, that appellant had made no new promise. Issue was joined on the foregoing pleas and replications, and then appellee, by leave of the court, filed the following rejoinder to the replication of the statute of limitations: That the note described in the plea of set-off was held and owned by appellee at the time the same became barred, and that the note in the declaration mentioned was held and owned by

appellant before the note mentioned in the plea of set-off was barred. Issue was joined on this replication. By agreement the suit was tried by the court without a jury and the court rendered judgment in favor of appellee and against appellant for $508.16. The chief question before the court was as to the payment of the note offered as a set-off. This note is dated July 22, 1883, payable one day after date, and at the time of the trial, over eighteen years had elapsed since its execution. One replication to the plea of set-off was that the note had been paid by Joseph Walker, the father of appellant. The principal question argued to effect a reversal of the judgment in this court is that the finding of the court is wrong and unsupported by the evidence, and that the evidence proves payment of the larger note.

Appellee has in this court entered a remittitur of $91.16, and thereby admits the damages are excessive to that extent. The chief issue of fact in the trial court was as to the payment of the $418.72 note, and to this issue most of the evidence of the parties was directed. The burden of proof was upon appellant to show by the weight of the evidence that payment of the note was made as he had averred. The trial judge heard and saw the witnesses and it was his peculiar province, contrarious as the testimony of the witnesses was, to give credit and weight where it was due, and having, as we must presume, done this, we are unwilling to disturb the finding. The evidence of either side, standing alone in the record, would support a finding in favor of the party to whom it might be given, and where this is true, in a case of conflicting testimony like this, it is not the rule to disturb the finding or verdict, in the absence of adverse and prejudicial rulings in other respects, because it is unsupported by the evidence.

This rule is so familiar and the authorities so numerous, that we need only to refer to it. With the remittitur entered, we will affirm the residue of the judgment at the cost of appellee.

Judgment affirmed.